## PIERSON ET AL. v. TRUAX.

1. HOMESTEAD — ABANDONMENT — TEMPORARY ABSENCE.— General Statutes, chapter 51, section 3, providing that homesteads shall only be exempt while occupied as such by the owner thereof, or his or her family, does not require an actual personal occupation at all times and under all circumstances, so as to cause a forfeiture on account of a temporary absence from necessity or convenience.

2. A SALE OF THE HOMESTEAD ON EXECUTION MAY BE ENJOINED.—
Where the provisions of the statute relating to residence, and causing
the claim of exemption to be entered of record, are complied with,
the property is not liable to attachment for the debts of the owner,
and a sale of the property on execution may be enjoined.  ·

*Appeal from District Court of Pitkin County.*

APPELLEE, plaintiff in the action, brought his suit by filing
the following complaint, which was verified:

"Plaintiff complains of defendants, and states that on the
4th day of February, 1886, the plaintiff became, and ever
since has been, and now is, the owner in fee of the follow-
ing described real estate, situate in the county of Pitkin
and state of Colorado: A lot one hundred and fifty (150)
feet by fifty (50) feet in size, situate about one hundred and
fifty (150) feet west of the Ute Spring ditch, in that part of
the city of Aspen commonly called 'Ute,' said property
being the same real estate conveyed to plaintiff on said 4th
day of February, 1886, by Philip Edwards and Frank
Hartzin.

"That on the said 4th day of February, 1886, and before
and ever since that date, plaintiff was and now is a house-
holder and the head of a family. The said family consisted
and now consists of plaintiff and the wife and children of
plaintiff.

"That on said 4th day of February, 1886, plaintiff and his
family commenced to occupy said premises, and resided
thereon, occupying the same as a homestead, and have at
no time since said date had any other residence, and have
not occupied any other premises since said date, except as
hereinafter mentioned.

"That the deed of conveyance from said Edwards and
Hartzin to plaintiff was filed for record in the office of the
recorder of said Pitkin county on said 4th day of February,
1886, and the same is of record in book 29, on page 42, of
the records of said office.

"That the said premises, together with the improvements

situated thereon, have not been, at any time since the 4th day of February, 1886, and are not now, worth any more than the sum of $700.

"That on the —— day of November, 1886, one of plaintiff's children was sick, and the wife of plaintiff went to the city of Denver, in the state of Colorado, for the purpose of procuring medical treatment for said child, and, during the absence of plaintiff's wife, he, the plaintiff, occupied a room in the city of Aspen, and temporarily rented said property hereinbefore mentioned, but left in said property a portion of plaintiff's household goods; that before the return of the wife of plaintiff, and on the —— day of December, 1886, plaintiff received a severe bodily injury, which caused him to be confined to his room for a period of —— days, and that, upon plaintiff's recovery from his said bodily injury, he took steps to occupy the premises herein first described, and said premises were on the 15th day of March, 1887, vacated by the person to whom plaintiff had rented the same.

"That thereupon plaintiff proceeded to have the house situated on said premises repainted and otherwise refitted, and while so engaged, and while a portion of the household goods of plaintiff and of his family were contained in said house, and on the 24th day of March, 1887, and at forty minutes after 9 o'clock on the morning of said day, plaintiff caused to be entered of record on the margin of his recorded deed from said Edwards and said Hartzin the word 'Homestead,' which said entry was then and there signed by plaintiff, and was then and there attested by the clerk and recorder of the county of Pitkin and state of Colorado, who then and there stated in writing in said attestation the date and time of day upon which said marginal entry was made.

"That on the —— day of April, 1887, plaintiff and his family again occupied said premises, and have ever since occupied the same continuously. That plaintiff has always occupied said premises as his home from the date he purchased the same, and has not since said date had, nor has

his family had, any other home, and that he has never abandoned said homestead at any time, and that neither he nor his family have ever left said premises except temporarily, and that even at such times a portion of the household goods of plaintiff and of his family was kept upon said premises, and in the house situated thereon.

"That, at the time plaintiff caused said marginal entry to be made, he was indebted to the defendant Pierson in the sum of $174.46, for goods, wares and merchandise purchased by plaintiff from defendant Pierson between the ―― day of January, 1886, and the 1st day of March, 1887.

"That on the 28th day of March, 1887, said Pierson instituted a suit in the honorable county court in and for the county of Pitkin, and state of Colorado, against plaintiff for the said sum, and on the same day a writ of attachment issued out of and under the seal of said county court, in said suit, and, on the same day, the defendant Hooper, a sheriff of the county of Pitkin in the state of Colorado, by his under-sheriff, levied upon the property hereinbefore described under said writ of attachment.

"That on the 14th day of April, 1887, judgment was duly given in favor of said Pierson and against plaintiff for the sum of $176.60, and the costs of suit, by said county court in said cause, and thereafter an execution and order of sale issued out of and under the seal of said county court, in said cause, commanding the defendant Hooper, sheriff as aforesaid, to sell said described property to satisfy the judgment rendered in said cause, together with the interest and the costs.

"That, afterwards, the said Hooper, as sheriff, duly advertised said property for sale. That said Hooper, as sheriff aforesaid, unless restrained by the order of the court, will sell the said property on the 5th day of August, 1887, and that said sale, if made, will be a cloud on the title of plaintiff to said property.

"Wherefore plaintiff demands judgment against defendants: (1) That said Hooper, his agents and deputies, be re-

strained by preliminary writ of injunction from selling said property under said execution and order of sale, and that, on the final hearing of this cause, said injunction be made perpetual.

"(2) That the certificate of levy in said suit in the complaint mentioned, on the property in the complaint described, be canceled.

"(3) For costs of suit.

"(4) For such other, further and general relief as to the court may seem meet."

To which a demurrer was filed: That the complaint does not state facts sufficient to constitute a cause of action; that it is admitted in the complaint that when the attachment of defendant was levied upon the premises described in plaintiff's complaint, neither the plaintiff nor any of his family was in the occupation of the said premises as a homestead; that plaintiff has already had his day in court, and, having failed to contest the validity of the attachment within twenty days after the service thereof upon him, he cannot impeach the judgment levy sustained by the court for any of the causes alleged in plaintiff's complaint; that the portion of the judgment mentioned in plaintiff's complaint which sustained the plaintiff's (now defendant's) attachment upon the said premises was the decision of a court of competent jurisdiction upon the identical issues raised in the plaintiff's complaint, and that plaintiff is thereby estopped from litigating those issues again," which was overruled.

Appellant elected to stand by his demurrer and prosecuted this appeal.

Mr. D. H. Waite, for appellant.

Reed, C.  The only question presented for review is the judgment of the court in overruling the demurrer. The allegations in the complaint, under the circumstances, are to be regarded as true; the only question being whether

the matters alleged were sufficient to entitle the plaintiff to the relief asked. By section 1, chapter 51, General Statutes, a homestead not exceeding $2,000 in value is exempt from execution and attachment. By section 2 of the same chapter the householder, in order to avail himself of such exemption, is required to cause the word " 'homestead' to be entered of record in the margin of his recorded title," etc.

The ownership of the property is alleged, and a compliance with the requirement of section 2 by the proper entry prior to the levy of the attachment. Section 3 of same act provides: " Such homesteads shall only be exempt as provided in the first section of this act, while occupied as such by the owner thereof, or his or her family."

It is alleged in the complaint "that plaintiff has always occupied said premises as his home from the date he purchased the same, and has not since said date had, nor has his family had, any other home, and that he has never abandoned said homestead at any time, and that neither he nor his family have ever left said premises except temporarily, and that even at such times a portion of the household goods of plaintiff and of his family was kept upon said premises and in the house situated thereon." This allegation is sufficiently full and definite. The temporary absences, as alleged, are not such as to preclude a party from claiming the benefits of the exemption. Temporary absence from necessity or convenience would not forfeit the right. The statute cannot be construed as requiring an actual personal occupation at all times and under all circumstances. It is intended that the place shall be the only home of the family, and shall not be abandoned and another occupied with the intention of making such change permanent.

It is urged in argument that the exemption, to be effective, should have been interposed in the suit by attachment. It would, without doubt, have been better practice; but the law having been, as shown in the complaint, complied with,

and the exemption appearing of record, the levy of the attachment was wrongful, and the property was absolutely exempt from its operation. The sale of the property under execution would have been a further wrong against which the party had a right to provide, and we cannot say the court was not justified in entertaining the suit, and granting relief in the only way apparently available under the circumstances. If the allegations in the complaint could be successfully controverted by proof, they should have been traversed, and the issues of fact tried. If they could not be successfully controverted, the plaintiff was entitled to the protection of the court to retain his homestead under the statutory exemption. We advise that the judgment of the court below be affirmed.

Richmond and Bissell, CC., concur.

Per Curiam. For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*